**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4055**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ALLEN HAWKINS, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-04-649-TLW)

———————

Submitted: August 24, 2005          Decided: October 11, 2005

———————

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Allen Hawkins, Jr. appeals his conviction and fifty-four month sentence imposed after he pled guilty to being in knowing possession of a firearm after having been convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, Hawkins' counsel filed an Anders[*] brief, stating that there were no meritorious issues, but raising the following issues: (1) whether the district court complied with Fed. R. Crim. P. 11 in accepting Hawkins' guilty plea; and (2) whether Hawkins' federal guidelines sentence was plainly erroneous in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Hawkins was advised of his right to file a pro se supplemental brief, but did not respond. The Government adopted counsel's Anders brief and elected not to file a separate brief. We affirm.

Under Fed. R. Crim. P. 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the sentencing guidelines; the defendant's right to an attorney; his right to be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; and his right against self-incrimination. He also must be told that a guilty

---

[*]Anders v. California, 386 U.S. 738, 744 (1967).

plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. The court must determine that the defendant understands the terms of any waiver of appeal provision in the plea agreement. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2), and determine a factual basis for the plea under Rule 11(b)(3). Based on our review of the record, we find that the district court complied with Rule 11 and that the court ensured that Hawkins' plea was knowing and voluntary.

To the extent Hawkins claims the district court erred by sentencing him under then-mandatory guidelines, because he did not object below to the application of the sentencing guidelines, appellate review is for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). If a defendant establishes these requirements, the court has discretion to correct the error, but "should not exercise . . . [that discretion] unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

In White, this court determined that imposing a sentence under the guidelines as mandatory was error that was plain. White, 405 F.3d at 217. In determining whether an error affected the defendant's substantial rights, the court reasoned that "the error of sentencing a defendant under a mandatory guidelines regime" was not an error for which prejudice would be presumed. Id. at 221. Rather, the defendant bears the burden of showing that this error "affected the outcome of the district court proceedings." Id. at 223 (quoting Olano, 507 U.S. at 734). Hawkins failed to meet this burden because he presented no non-speculative evidence or argument demonstrating that he would have received a lower sentence had the district court appreciated that the guidelines were not mandatory. Moreover, the district court in this case stated on the record that if the guidelines were deemed unconstitutional or merely non-binding, Hawkins' sentence would be the same. Accordingly, the district court's error of sentencing Hawkins under a mandatory guidelines scheme did not affect Hawkins' substantial rights.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Hawkins' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave

- 4 -

to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED